UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR E. MILLER,

    Petitioner,

vs.     Case No. 2:07-cv-160-FtM-29DNF

SECRETARY, DEPARTMENT OF CORRECTIONS and ATTORNEY GENERAL STATE OF FLORIDA,

    Respondents.
_____

## OPINION AND ORDER

### I. Status

Petitioner Victor Miller, who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 and memorandum of law (Doc. #2) in the United States District Court, Middle District of Florida, Tampa Division. The Tampa Division transferred the action to this Court. See Doc. #3. Petitioner challenges his conviction of second degree murder with a firearm entered in the Twentieth Judicial Circuit Court in Lee County, Florida. Petition at 1. Respondent filed a Response (Doc. #9, Response) to the Petition and attached an appendix (Doc. #11, Vol. I-III, Exhs. 1-13) consisting of the relevant trial court transcripts and post-conviction records. Petitioner filed a Reply (Doc. #12, Reply) to the Response. This matter is ripe for review.

## II. Procedural History

The State Attorney charged Petitioner by Information with one count of second degree murder with a firearm. Exh. 13; Vol. I at 16-18. The case proceeded to trial at which Petitioner was represented by private counsel, Patricia Black. The jury found Petitioner guilty as charged. Exh. 13, Vol. II at 86. On August 5, 2002, the court sentenced Petitioner to thirty-five years in prison with a minimum mandatory term of twenty-five years. Exh. 13, Vol. III at 115-116.

Petitioner, proceeding with appellate counsel, pursued a direct appeal. On May 27, 2003, counsel for Petitioner filed an appellate brief raising one issue. The State filed an Answer Brief. Exh. 2. Petitioner filed a Reply brief. Exh. 3. On September 19, 2003, the appellate court *per curiam* affirmed Petitioner's conviction and sentence. Exh. 4; Miller v. State, 860 So. 2d 421 (Fla. 2d DCA 2003)[table]. Mandate issued October 13, 2003. Exh. 5.

On August 24, 2004, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 ("Rule 3.850 motion"). Pursuant to the court's order, the State filed a brief in response and attached supporting exhibits. Exh. 8. On October 3, 2005, the court issued an order summarily denying Petitioner's Rule 3.850 motion.

Petitioner appealed the denial of his Rule 3.850 motion and on May 3, 2006, the appellate court *per curiam* affirmed the denial. Exh. 10; Miller v. State, 931 So. 2d 913 (Fla. 2d DCA 2006)[table]. Petitioner moved for rehearing, but the appellate court denied the motion on June 12, 2006. Exh. 11. Mandate issued on June 28, 2006. Exh. 12.

Petitioner then filed the instant Petition. Upon review of the Petition, the Court determined that there was an issue involving the "mail box rule" because the Petition reflected three different date stamps for mailing from prison officials at Glades Correctional. Houston v. Lack, 487 U.S. 266, 276 (1988)(stating that the date a petitioner presents the legal mail to jail officials to mail is the operative date the petition is deemed filed with the Court). On January 28, 2010, the Court directed Petitioner and Respondent to file a response explaining why the different date stamps from prison officials existed on the Petition.[1] See Jan. 28, 2010 Order.

Petitioner maintains that he provided his Petition to prison officials for mailing on November 8, 2006. Doc. #14 at 1. He further states that the Clerk's Office in Tampa later returned the Petition to him because it did not have "Petitioner's original signature." Id. Petitioner requests that the Court review its own

---

[1] Stamps from prison officials for mailing show the following three dates: September 14, 2006; March 5, 2007; and November 8, 2006. Petition at 1, 2.

-3-

records to determine when the Clerk in Tampa received his Petition. In response to the Court's Order, Respondent states that there is insufficient information available to refute Petitioner's allegation that he originally presented his Petition to prison authorities for mailing on November 8, 2006.

The Court searched its own records and requested that the Clerk's Office in Tampa provide any correspondence it sent to Petitioner. The internal search reveals that Petitioner mailed a letter dated January 29, 2007, to the Clerk's Office in Tampa to inquire as to whether the Court received his federal Petition "on or around November 8, 2006." On February 7, 2007, the Clerk's Office in Tampa responded to Petitioner's letter, stating it had no record of a federal petition filed by Petitioner in November 2006. Sometime between February 7, 2007, and February 26, 2007, it appears Petitioner mailed another letter to the Tampa Clerk's Office requesting that the Clerk "back date" his federal petition. On February 26, 2007, the Clerk's Office sent Petitioner a letter to explain that they could not honor his request and "back date" the Petition. Along with his request to back date the Petition, it appears Petitioner included a copy of his Petition, which the Clerk's Office returned to Petitioner because it did not have his "original signature."

The date-stamp from prison authorities at Glades Correctional Institution supports Petitioner's contentions that he gave his Petition to prison authorities for mailing on November 8, 2006.

Approximately two months later, when Petitioner had not received any orders from the court, Petitioner diligently sent a letter to the Clerk's Office in Tampa to request information about his federal petition. Although the Clerk's Office informed Petitioner that a Petition was not filed in November 2006, Petitioner relied on prison authorities to mail his Petition and there is no evidence disputing Petitioner's contention that he presented it to prison authorities on November 8, 2006, as evidenced by the prison mail stamp. Therefore, Petitioner is entitled to the benefit of the prison mail box rule and the Court accepts the November 8, 2006 date as the operative filing date in this case. Horne v. Sec'y Dep't of Corr., Case No. 6:06-cv-317-Orl-31GJK, 2009 WL 1185455 (M.D. Fla. 2009).

### III. Findings of Fact and Conclusions of Law

Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Neither party disputes the applicability of the AEDPA.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent submits that the instant Petition was untimely filed in this Court. Respondent points out that Petitioner's judgment became final on December 18, 2003, which is 90 days after

his conviction and sentence were affirmed on appeal. Chavers v. Sec'y Dep't of Corr., 468 F.3d 1273 (11th Cir. 2006)(confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued). Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on December 19, 2004. The Petition filed in this Court on November 8, 2006, would be untimely, unless Petitioner could avail himself of one of the statutory provisions which extends or tolls the one-year time period.

Petitioner filed a Rule 3.850 motion on August 24, 2004, after 249 days of the federal limitations period had elapsed. The time was tolled while Petitioner's properly filed Rule 3.850 motion was pending, until the appellate mandate issued on June 28, 2006. Petitioner then filed the instant habeas on November 8, 2006, after an additional 132 days of the federal limitations period had elapsed. Thus, 381 days (249 + 132) of the federal limitations period elapsed causing the instant Petition to be untimely.

Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly."

Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004)(citations omitted). Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006); Wade, 379 F.3d at 1265 (citation omitted). Here, Petitioner does not submit any grounds to support equitable tolling. See Reply.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition for Writ of Habeas Corpus is **DISMISSED** with prejudice as time-barred.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __8th__ day of March, 2010.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record